UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATRICE SIDA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE HONEST COMPANY, INC.,<br><br>Defendant. | Case No. 22-cv-04602-SVK<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 61 |

Before the Court is the Parties' Joint Discovery Submission regarding Plaintiffs' responses to certain interrogatories and requests for production. Defendant seeks an order compelling Plaintiffs to provide information regarding their purchasing history across broad categories of products, including products which are "plant-based," "x-based" and "personal care" or Honest Company products. The Court has reviewed the submission, the relevant law under Federal Rules of Civil Procedure 26, 33 and 34, and the relevant litigation history in this action and determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b).

Accordingly, the Court **ORDERS** as follows:

- **Except as noted herein**, Defendant's motion to compel responses is **DENIED**. The denied requests all suffer from a common flaw of being so overbroad that any arguably tangential relevance is eclipsed by burdensomeness, rendering the requests not proportional to the needs of this litigation. Fed. R. Civ. Pro. 26(b)(1). The Court finds Defendant's arguments in support of such expansive requests are, except as reflected in the rulings below, not persuasive. Because this flaw runs throughout the requests, the Court addresses it here in summary fashion rather than repeating itself throughout the chart of disputed requests. Notwithstanding this ruling, however, the subject matter of the denied requests may be addressed in deposition subject to appropriate objections raised in that context.

- For judicial efficiency, the Court sets forth its exceptions to the above ruling according to the categories of disputes set forth in the Joint Discovery Submission.

Dispute No. 1. (ROG Nos. 5-7, 12, 24;  RFP Nos. 3-7, 54)

- Plaintiffs shall respond to ROG No. 6 only to as to identification of purchases of "Plant-Based" products during the relevant time period, and only as to subsection (a):  "the product or products purchased."
- Plaintiffs shall produce documents in response to RFP Nos. 3 & 6 to the extent they have documents sufficient to show purchases of "Challenged Products" or "Plant-Based" products.

Dispute No. 2 (ROG No. 20;  RFP No. 10)

- It is not clear from the Joint Discovery Submission that this category is still in dispute.  Defendant offers to limit the requests to programs through which Plaintiffs purchased Challenged Products, and Plaintiffs offer to supplement previous responses with specific identifiers of such programs.  To the extent not already agreed upon by the Parties, Plaintiffs shall respond to ROG No. 20 and RFP 10 with the requested information available to them regarding retailer rewards or membership programs.

Dispute No. 3 (ROG Nos. 2-3; RFP Nos. 3-6, 39-40)

- Plaintiffs are to respond with information and documents available to them sufficient to support their respective responses to ROG No. 4, only.

Dispute No. 4 (ROG 17-18;  RFP Nos. 44-45)

- Each Plaintiff is to identify any lawsuits from 2013 to present to which he/she was a party and which alleged false, misleading or fraudulent labeling or advertising of any product.  For any such lawsuit, Plaintiff is to identify the case caption, case number and the forum in which the case was sited.

**SO ORDERED.**

Dated: August 18, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

2